IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00698-MSK-BNB

LYNETTE CHRISTINE ARGUELLO,

Applicant,

v.

BOARD OF PAROLE,
PAROLE OFFICE,
TIME AND RELEASE, and
ATTORNEY GENERAL,

Respondents.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #4, filed 8/8/07] (the "Application") by Lynette Arguello (the petitioner). I respectfully RECOMMEND that the Application be DENIED.

### I.  BACKGROUND

The petitioner alleges that she is "being held on an automatic 5 years of Mandatory Parole even though [she] do [sic] not fall under that law" and "denied the benefit of yearly review of [her] parole" in violation of her constitutional rights. *Application*, p. 2.[1] Claim One alleges that the petitioner is being subjected to mandatory parole in violation of the Ex Post Facto Clause. Id. at p. 5.  Claim Two alleges that the petitioner's release date has been improperly calculated.  Id. at p. 7.  Claim Three alleges that the petitioner has been denied due

---

[1] The pages of the Application don are not consecutively numbered.  Therefore, I cite to the page numbers of the Application as they are assigned by the court's docketing system.

process because she requested a copy of her Mittimus and a copy of her time computation sheet, and her Parole Officer did not provide them.  Id.

## II.  ANALYSIS

The petitioner is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* petitioner.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A.  Exhaustion

The respondents assert that the Application must be denied because the petitioner did not seek state review of her claims and, therefore, has not exhausted her state remedies.  *Response to Petition for Writ of Habeas Corpus* [Doc. #14] (the "Response"), pp. 4-6.[2]  Prior to filing an application for a writ of habeas corpus under section 2241, a petitioner must exhaust available remedies.  Montez v. McKinna, 208 F.3d 862, 866 (10th Cir.2000) (stating that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254").

The Colorado courts have the power to review the Parole Board's actions when the Board fails to exercise its statutory duties.  In re Question Concerning State Judicial Review of Parole Denial Certified by U.S. Court or Appeals for the Tenth Circuit, 610 P.2d 1340 (Colo. 1980).  The state courts do not have the power to review the Board's discretionary actions.  Id.  See also, White v. People, 866 P.2d 1371, 1373-74 (Colo. 1994).

---

[2]The respondent filed two responses to the Application [Docs. #12 and #14].  The responses appear to be identical.  I cite to the latter response.

The respondent does not address whether the petitioner's claims challenge discretionary or statutory duties of the Parole Board. Accordingly, I decline to recommend denial of the Application for failure to exhaust state remedies.

### B. Claims One and Two

In Claims One and Two, the petitioner alleges that she has been wrongfully subjected to mandatory parole and that her time computation has been improperly calculated. *Application*, pp. 6-7. Mary Carlson, Supervisor of DOC Offender Time/Release Operations, has calculated the petitioner's discharge date as follows:

The petitioner was delivered to the diagnostic unit of the Colorado Department of Corrections ("DOC") on August 5, 1994, to begin serving a 24 year sentence for the crime of child abuse, a class 3 felony, committed between and including December 15, 1992, and December 16, 1992. *Response*, Ex. A, ¶ 4. Her sentence became effective on July 15, 1994. Id. She was awarded 580 days for presentence confinement. Id.

The petitioner's sentence discharge date is projected to be September 15, 2012. This calculation is reached by subtracting 580 days of presentence confinement from the 24 year sentence, which leaves 22 years, 4 months, and 20 days. This time is added to the sentence effective date of July 15, 1994, resulting in a discharge date of December 5, 2016. This date is reduced by awarded earned time in the amount of 4 years, 2 months, and 20 days, to result in a projected sentence discharge date of September 15, 2012. Id. at ¶ 6.

The petitioner was granted a term of five years discretionary parole to begin September 6, 2005. Id. at ¶ 7. She was released to parole on September 6, 2005. Id. at ¶ 8. Her parole termination date is projected to be November 30, 2009. This date is calculated by adding five

years to the parole effective date of September 6, 2005, for a parole termination date of September 6, 2010.  This date is reduced by earned time awarded since parole began in the amount of 9 months and 6 days, for a projected parole termination date of November 30, 2009. Id. at ¶ 9.  The petitioner is eligible to earn up to 5 months and 24 days of additional earned time against her 5 year discretionary parole period.  Id. at ¶ 10.

Thus, contrary to the petitioner's claims, she is not subject to a 5 year mandatory parole term, and her release date is not set for March 2010.  The petitioner does not dispute Ms. Carlson's calculations.  Indeed, she did not file any response to the respondent's brief. Accordingly, the Application should be denied as to Claims One and Two.

### C.  Claim Three

Claim Three alleges that the petitioner was denied her due process rights when her Parole Officer did not provide her with copies of her Mittimus and her time computation sheet. *Application*, p. 7.  A claim is properly brought under section 2241 where the petitioner attacks the fact or duration of her confinement and seeks the remedy of shortened confinement or immediate release.  McIntosh v. Untied States Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody."  Preiser v. Rodriquez, 411 U.S. 475, 484 (1973).

Insofar as the petitioner alleges that she was denied due process because she did not receive requested material, the claim does not attack the legality of her custody or seek release from illegal custody.  Therefore, the petitioner may not assert in this section 2241 petition her due process claim.  See McIntosh, 115 F.3d at 811-12.  The petitioner must pursue her due

process claim through a proper civil action. See id. Claim Three should be dismissed without prejudice.

### III.  CONCLUSION

I respectfully RECOMMEND that Application be DENIED as to Claims One and Two.

I further RECOMMEND that Claim Three be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 27, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge